## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| NATHANIEL ROBINSON ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| TERRY PECK, GA 1490, in his individual ) | |
| capacity, ) | |
| R. PINEDA, GA 1237, in his individual ) | |
| capacity ) | |
| M. GARZA, GA 1591, in his individual ) | |
| capacity, ) | |
| E. GREEN, GA 1601 in his individual ) | CAUSE NO.: |
| capacity, ) | |
| D. KIMBLE, GA 1579 in his individual ) | |
| capacity ) | |
| TJ KNOTTS, GA 1609 in his individual ) | |
| capacity ) | |
| C. MINARD, GA 1418 in his individual ) | |
| capacity ) | |
| H. RAHMAN, GA 1594 in his individual ) | |
| Capacity, ) | |
| UNKNOWN DEFENDANTS in their ) | |
| Individual capacities and ) | |
| CITY OF GARY ) | |
| Defendants ) | JURY TRIAL DEMAND |

### COMPLAINT

NOW COMES Plaintiff, Nathaniel Robinson, by and through his attorney, Tracy Coleman, COLEMAN LAW GROUP LLC, and hereby complains of Defendants Terry Peck, R. Pineda, M. Garza, E. Green, D. Kimble, TJ Knotts, C. Minard, H. Rahman, Unknown Defendants and City of Gary:

### Introduction

1. This is a civil rights action seeking damages for the violations of the constitutional rights of Nathaniel Robinson which occurred on or about June 7, 2020.

1

2. On June 7, 2020, Nathaniel Robinson left the Voodoo Lounge which is located in Gary, Indiana.

3. On June 7, 2020, Mr. Robinson was followed by Defendants Terry Peck, R. Pineda, M. Garza, E. Green, D. Kimble, TJ Knotts, C. Minard, H. Rahman, and/or Unknown Defendants.

4. That when Mr. Robinson was pulled over at the CVS located at 5301 Broadway, Merrillville, Indiana, by Terry Peck, R. Pineda, M. Garza, E. Green, D. Kimble, TJ Knotts, C. Minard, H. Rahman, and Unknown Defendants he was attacked by Defendants Terry Peck, and/or other officers, R. Pineda, M. Garza, E. Green, D. Kimble, TJ Knotts, C. Minard, H. Rahman,  and/or Unknown Defendants.

5. At the time of the incident, Mr. Robinson, presented no immediate threat to Defendants Terry Peck, R. Pineda, M. Garza, E. Green, D. Kimble, TJ Knotts, C. Minard, H. Rahman,   and/or Unknown Defendants.

## Jurisdiction and Venue

6. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States, and supplemental jurisdiction of the State of Indiana. Venue is proper in this District under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's complaint took place in this judicial district.

## Parties

7. Plaintiff, Nathaniel Robinson, is a resident of the State of Indiana and had his rights violated in Lake County, Indiana and was the driver of the vehicle pulled over by Defendants.

8. Defendants Terry Peck – GA1490 (Defendant Peck);  R. Pineda – GA 1237 (Defendant Pineda);   M. Garza – GA 1591 (Defendant Garza);   E. Green – GA 1601

(Defendant Green);  D. Kimble – GA 1579 (Defendant Kimble);  TJ Knotts -GA 1609 (Defendant Knotts);  C. Minard – GA 1418 (Defendant Minard);  H. Rahman – GA 1594 (Defendant Rahman);  and/or Unknown Defendants (herein collectively referred to as Defendant Police) were at all times relevant to the allegations, were duly appointed police officers employed by the City of Gary, Indiana, acting within the scope of their employment with the City of Gary and under color of state law. They are sued in their individual capacities.

9. Defendant City of Gary, Indiana, is a municipality duly incorporated under the laws of the State of Indiana and is the employer and principal of Defendants Terry Peck – GA1490 (Defendant Peck); R. Pineda – GA 1237 (Defendant Pineda); M. Garza – GA 1591 (Defendant Garza); E. Green – GA 1601 (Defendant Green);  D. Kimble – GA 1579 (Defendant Kimble); TJ Knotts – GA 1609 (Defendant Knotts);  C. Minard – GA 1418 (Defendant Minard); H. Rahman – GA 1594 (Defendant Rahman),  and/or Unknown Defendants referred to in this Complaint.

10. The City of Gary is responsible for the policies, practices and customs related to its maintenance of a police force, along with the training, supervision, and discipline of its officers.

**Facts**

11. On June 7, 2020, at approximately 3:00 am, Mr. Robinson left the Voodoo Lounge in Gary, Lake County, Indiana and got into his car.

12. Mr. Robinson was traveling in his 2004 Ford Victoria.

13. That Mr. Robinson pulled his 2004 Ford Victoria into the parking lot of CVS at 5301 Broadway, Merrillville, Indiana after he was being followed by police vehicles.

14. Mr. Robinson had not committed any crime when he stopped at the CVS parking lot in Merrillville, Indiana.

15. That there were approximately eight Gary police cars involved at the CVS parking lot in Merrillville, Indiana.

16. That Defendant Police had no jurisdiction in Merrillville, Indiana, and no jurisdiction to stop, harass or intimidate Mr. Robinson.

17. That when Mr. Robinson pulled over in the CVS parking lot in Merrillville, Indiana, he was met by Defendant Peck.

18. That Defendant Peck had his gun drawn when he pulled Mr. Robinson out of the vehicle.

19. That Defendant Peck pulled Mr. Robinson who was the driver out of the vehicle and began to beat Mr. Robinson.

20. That Defendant Peck, slammed Mr. Robinson's face to the ground, busted his chin and shattered Mr. Robinson's tooth.

21. That Defendant Peck put his knee on Mr. Robinson's neck and punched Mr. Robinson in the face and other places on his body.

22. That Mr. Robinson asked Defendant Kimble and other Defendant Police for help.

23. That Defendant Kimble indicated that he could not help because it was a supervisor beating Mr. Robinson.

24. That one of the officers helped to hold Mr. Robinson down while Defendant Peck beat Mr. Robinson.

25. That the other officers who were around, did not do anything to assist or stop the abuse which Mr. Robinson was subjected to by Defendant Peck and/or other Defendant Police.

26. That Mr. Robinson was in fear for his life.

27. That Mr. Robinson did nothing to warrant Defendant Peck and/or  Defendant Police

beating him, slamming him to the ground, busting his chin and shattering his tooth.

28. That as a result of the actions of Defendant Peck and/or Defendant Police, Mr. Robinson had to obtain medical care.

29. That Mr. Robinson is not the only individual beaten and abused by Defendant Peck.

30. That on October 21, 2021, the United States of America indicted Defendant Peck and alleged:

> "On or about March 19, 2019, in the Northern District of Indiana, the Defendant, Terry Peck, while acting under color of law as a police officer with the Gary Police Department, willfully deprived R.H. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer."

31. That Defendant Peck has also been sued for an unprovoked attack which occurred in Gary, Indiana on February 5, 2017 which caused the individual to be injured by Defendant Peck.

32. That even though Defendant Peck has a history of abusing individuals and violating individual's civil rights, the City of Gary acted with deliberate indifference in disciplining, training and preventing Defendant Peck and Defendant Police from permitting further abuse on citizens.

33. That the Gary Police Department and the City of Gary has a history and culture which allows police officers to violate the constitutional rights of American citizens without consequences.

34. As a matter of both policy and practice, the City of Gary and the Gary Police Department encourages and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference.

35. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Gary Police Department abuse citizens in a manner similar to that alleged by Mr. Robinson on a regular basis, yet the Gary Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

36. The Gary Police Department's failure to thoroughly investigate police misconduct and to control its officers is further illustrated by its handling of this case.

37. That Defendant Police arrested Nathaniel Robinson in Merrillville, Indiana, forced Mr. Robinson to post a $5,000 bond on traffic infractions, beat Mr. Robinson causing seriously bodily injury and the City of Gary and the Gary Police Department have failed to reprimand or discipline Defendant Peck and/or Defendant Police for their actions.

38. That Defendant Police made allegations against Mr. Robinson which were untrue and caused Mr. Robinson to be arrested without probable cause that he had committed a crime.

39. That Mr. Robinson was charged with traffic infractions under Cause No. 45D07-2006-IF-008762.

40. The Gary Police Department through Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman, and/or Unknown Defendants who were present on June 7, 2020 intentionally inflicted psychological, physical and emotional harm on Nathaniel Robinson.

41. Defendant Police were negligent in their actions and treatment of Mr. Robinson.

42. Defendant Police had a duty to act in a reasonable and professional manner and were negligent in this regard.

43. The negligent acts of Defendant Peck and/or Defendant Police included slamming

Mr. Robinson's face to the ground, busting his chin, shattering his tooth, punching his body, intimidating, and threatening Mr. Robinson and causing physical and emotional damages to Mr. Robinson which includes but is not limited to physical pain, tooth damage, psychological and mental anguish.

44. The Gary Police Department, Defendant Peck and/or Defendant Police abused their authority and sought to intimidate, harass and inflict emotional harm on Mr. Robinson by physically attacking him, arresting him and having him post a bond for alleged infractions, threatening his life and other negligent and improper conduct.

45. That Defendant City of Gary, Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman and Unknown Defendants were negligent in the exercise of their duties and said negligence caused the injuries suffered by Nathaniel Robinson.

### Count I – 42 U.S.C. § 1983 Claim for Unconstitutional Seizure – Excessive Force

46. Plaintiff Nathaniel Robinson repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

47. The actions of Defendant Peck and/or Defendant Police were without just cause and constituted the use of excessive force in violation of Mr. Robinson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

48. The actions of Defendant Peck and/or Defendant Police of beating Nathaniel Robinson, shattering his tooth, punching him and putting a foot on his neck without just cause constituted the use of excessive force in violation of Mr. Robinson's rights under the Fourth

7

Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

49. Defendant's Peck's action of having the gun drawn, threatening Robinson, knocking out his tooth, and making other threats, without just cause, constituted excessive and unreasonable force in violation of Mr. Robinson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

50. The actions of Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman, the Unknown Officers in seizing Mr. Robinson, handcuffing him, taking him into police custody and holding him and requiring him to post a bond, without probable cause or other legal justification, constituted an unreasonable seizure and detention in violation of Mr. Robinson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

**WHEREFORE**, pursuant to 42 U.S.C. §1983, Mr. Robinson demands judgment against Defendants for compensatory and punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

### Count II– 42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure

51. Plaintiff Nathaniel Robinson repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

52. The search and seizure of Mr. Robinson's vehicle and of his person was without probable cause to believe that Mr. Robinson was involved in any criminal activity and was unreasonable.

53. That the actions of Defendant Peck and Defendant Police caused Mr. Robinson to be deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, constituted an unlawful search and seizure of Mr. Robinson's vehicle in violation of his right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

54. That the Defendant Police stopped Mr. Robinson in Merrillville and had the responsibility to turn over jurisdiction to the Merrillville Police Department.

55. That Defendant Police instead unlawfully detained Mr. Robinson, seized his vehicle, beat him, illegally searched him and detained him and violated Mr. Robinson's rights.

WHEREFORE, pursuant to 42 U.S.C 1983, Plaintiff Mr. Robinson demands judgment against Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard and Defendant Rahman and the Unknown Officers present for compensatory damages, punitive damages, plus the costs of this action, attorney's fees, and whatever additional relief this Court deems equitable and just.

### Count III– 42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure

1. Plaintiff Nathaniel Robinson repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

2. The search and seizure and arrest of Mr. Robinson's was without probable cause to

believe that Mr. Robinson was involved in any criminal activity and was unreasonable.

    3.    That the actions of Defendant Peck and Defendant Police caused of arresting Mr. Robinson caused Mr. Robinson to be deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, in violation of his rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

    4.    That the Defendant Police stopped Mr. Robinson in Merrillville and had the responsibility to turn over jurisdiction to the Merrillville Police Department.

    5.    That Defendant Police instead unlawfully detained Mr. Robinson and arrested him on traffic infractions which were subsequently dismissed.

**WHEREFORE**, pursuant to 42 U.S.C 1983, Mr. Robinson demands judgment against Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard and Defendant Rahman and the Unknown Officers present for compensatory damages, punitive damages, plus the costs of this action, attorney's fees, and whatever additional relief this Court deems equitable and just.

## Count IV – Retaliation in Violation of the First Amendment

    6.    Plaintiff Nathaniel Robinson repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

    7.    Mr. Robinson had the clearly established constitutional right to be free from retaliation for the exercise of free speech.

8. Any reasonable police officer knew or should have known of Mr. Robinson's rights at the time of the beating on June 7, 2020.

9. Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard and Defendant Rahman and the other officers present had no probable cause or reasonable suspicion that Mr. Robinson had committed a crime.

10. That Mr. Robinson pleaded for help and demanded that Defendant Peck and Defendant Police stop the brutal beating that Mr. Robinson was receiving.

11. That Mr. Robinson knew at least one of the Defendant Police from school and begged and pleaded for help.

12. That Defendant Police retaliated by refusing to help, turning their heads and/or going to their vehicles in an effort not to stop Defendant Peck and/or other Defendant Police from beating Mr. Robinson.

13. Defendant Peck and Defendant Police retaliated against Mr. Robinson for exercising his right of free speech.

**WHEREFORE**, Mr. Robinson demands judgment against Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman for compensatory and punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

### Count V – Monell Claim Against Defendant City of Gary

14. Plaintiff repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

15. The actions of Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman and the

11

Unknown Defendants who were present on June 7, 2020 and witnessed the beating of Mr. Robinson and failed to intervene or stop the beating of Mr. Robinson as alleged in this complaint, were the result of one or more interrelated de facto policies, practices and/or customs of the City of Gary and its police department.

      16. At all times material to the allegations contained in this complaint, Defendant City of Gary and its police department, through its employees, supervisory officials, and final policymakers, had interrelated de facto policies, practices, and customs which included, among other things:

      a. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force and other misconduct, including unjustified shootings;

      b. the police code of silence;

      c. encouraging, tolerating and/or condoning officers' use of excessive and unreasonable force;

      d. the failure to properly investigate shootings of civilians by Gary police officers;

      e. the failure to properly discipline, monitor, counsel and otherwise control Gary police officers who engage in unjustified shootings, excessive use of force, unlawful searches and seizures, untruthfulness, mistreatment of others, and other serious misconduct;

      f. the failure to properly investigate allegations of police misconduct and to take effective disciplinary and remedial action to prevent officers from committing misconduct and causing further harm to the people that officers are employed

    to serve and protect; and/or

  g. the failure to properly train and supervise Gary police officers with regard to discharging their weapons at civilians, use of force, use of deadly force, making seizure/arrests, and following department directives.

17. For example, Defendant Peck in 2017, prior to the abuse of Mr. Robinson had committed excessive force by battering another individual.

18. That there is a pending indictment against Defendant Peck in Cause No. 2:21CR149. (Exhibit 5)

19. The discipline and remedial action taken by the City of Gary in response to the verified egregious misconduct of Defendant Peck was grossly deficient.

20. Even as the criminal investigation into Peck's action was pending, Defendant Peck was allowed to continue to work.

21. The City of Gary and its police department's tolerance of Defendant Peck, Defendant Police and other officers' insubordination and misconduct clearly conveys to Gary police officers that they may act with impunity regardless of the egregiousness of an officer's actions and the serious and irreparable harm caused to the people of Gary as a result.

22. The lack of leadership in the Gary police department has served to perpetuate a climate that condones and tolerates police officers' violations of civil rights.

23. The Gary police department has had at least 12 different police chiefs since 2006.

24. Former Chief Houston, who left in 2008, was charged and convicted of federal civil rights abuses. (Exhibit 1, 2 & 3)

25. That after the conviction of Gary Police Chief Thomas Houston, the Gary Police Department failed to review, correct, adjust and/or amend its policies, customs and procedures

which led to Gary police officers acting under the color of law to violate the constitutional rights of citizens.

26. In 2013, Mayor Karen Freeman-Wilson requested the intervention of the State of Indiana to provide an unbiased review of the Gary Police Department.

27. On October 3, 2013, the Gary Police Department Technical Assessment Team conducted a comprehensive review of the Gary Police Department and issued a document on or about October 3, 2013, entitled Gary Police Department Technical Assessment Team (GPDTAT). (Exhibit 4).

28. The GPDTAT consisted of a variety of respected law enforcement administrators, the Lake County Prosecutor's Office, the Lake County High Intensity Drug Trafficking Area (HIDTA), and personnel from the Training Division of the U.S. Attorney's Office.

29. That the four areas evaluated by GPDTAT were staffing, budget, training, and equipment.

30. The GPDTAT found that there was a profound lack of direction, authority, and discipline within the Gary Police Department, an equally profound lack of respect for authority by the rank in file, a lack of supervisor training and accountability, and open undermining of the chief's authority.

31. The GPDTAT found that allocation of police personnel was not based on calls for service or community needs.

32. The GPDTAT found many officers presented an unprofessional appearance.

33. The GPDTAT found budgeting and financial accountability issues which impacted monies being allocated to proper training.

34. The GPDTAT found that roll calls at the beginning of each shift were not being

attended which crippled the effect of vital information being disseminated.

35. The GPDTAT found that technology-based training files and certified training instructor lists were <u>non-existent</u>.

36. The GPDTAT found that there was no professional development plan/career track for employees.

37. The GPDTAT found that there was no supervisory training being conducted at any level.

38. The GPDTAT found that the issue of rank was used as a monetary reward rather than a system for supervision and accountability.

39. The GPDTAT found that field training officers were lacking with the Gary Police Department.

40. The GPDTAT found that Gary Police Department reported they had between 8 to 18 field training officers when a minimum of 30 was needed.

41. The GPDTAT found that the assessment team was unable to accurately determine if annual in-service training requirements were fulfilled.

42. The GPDTAT made numerous findings and recommendations for the Gary Police Department.

43. The problems uncovered by GPDTAT still exist within the Gary Police Department, have not been corrected, and led to Mr. Robinson's constitutional rights being violated by Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman who were present on June 7, 2020 and did nothing to prevent Mr. Robinson from being violently attached by Defendant Peck and Defendant Police.

44. The failure of Defendant City of Gary to implement the recommendations of the GPDTAT in regard to supervision, training, record keeping and other urgent issues in the report and findings were part of the moving forces behind and proximately caused the violation of Plaintiff Nathaniel Robinson's constitutional rights.

45. Defendant City of Gary has made a conscious and/or deliberate choice to follow a course of action that will lead to constitutional harm for people in Gary, Indiana despite the various recommendations and available alternatives provided to Defendant City of Gary to correct the problems in the Gary Police Department.

46. Despite having notice of these serious deficiencies in the leadership, policies and practices of the Gary police department and the resulting violation of residents' constitutional rights and other harm, the City of Gary has not acted to address these serious deficiencies.

47. Defendant City of Gary has been deliberately indifferent to the problems and failures of the police department, caused by de facto policies and practices, that have caused and continue to cause the violation of people's rights, including excessive, sometimes deadly, force, and other unreasonable seizures.

48. Defendant, City of Gary, has created and tolerated an atmosphere of lawlessness in its police department, and has developed and maintained long-standing, department-wide customs, and law enforcement-related policies, procedures, and practices, which were part of the moving force behind the actions of Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman and Unknown Officers present on June 7, 2020 which caused them to violate the constitutional rights of Plaintiff.

49. The de facto policies, practices and customs of failing to hire, train, supervise,

16

monitor, discipline, transfer, counsel and/or control police misconduct and the apparent code of silence in the City of Gary are interrelated and exacerbate the effects of each other to institutionalize police untruthfulness and immunize police officers from discipline.

50. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injuries of Nathaniel Robinson as well as the excessive force and unreasonable seizures of Nathaniel Robinson, because Defendants had good reason to believe that their misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete, and misleading reports would go unchallenged by these supervisors and fellow officers, and that they were immune from meaningful disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

51. But for the belief that they would be protected, both by fellow officers and by the department, from serious consequences Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman and the Unknown Officers present on June 7, 2020 would not have engaged in the conduct that resulted in the abuse of Mr. Robinson.

52. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged or otherwise caused the Defendant officers to commit the acts alleged in this complaint; therefore, the policies, practices and customs are the moving forces behind and the direct and proximate causes of the injuries to Plaintiff Nathaniel Robinson.

**WHEREFORE**, Mr. Robinson demands judgment for damages against Defendant City of Gary for compensatory damages, plus the costs of this action, attorneys' fees and whatever additional relief this Court deems equitable and just.

## Count VI– Indemnification Claim Against Defendant City of Gary

53. Plaintiff repeats and reallege the preceding paragraphs of this complaint, as if they were fully set out in this Count.

54. Defendant City of Gary was the employer of Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman and Unknown Defendants who were present on June 7, 2020 and involved in the unlawful seizure, detention and use of excessive force against Mr. Robinson at all times relevant to the allegations contained in this complaint.

55. Defendant Peck, Defendant Garza, Defendant Green, Defendant Pineda, Defendant Kimble, Defendant Minard, Defendant Rahman, Defendant Knotts and Unknown Defendants present in the events described in this Complaint, committed the acts alleged in this complaint in the scope of their employment with the City of Gary.

56. Defendant City of Gary shall indemnify Defendant Peck, Defendant Pineda, Defendant Garza, Defendant Green, Defendant Kimble, Defendant Knotts, Defendant Minard, Defendant Rahman, and the Unknown Defendants present in the events described in this Complaint pursuant to Indiana law providing for the indemnification of a public entity's employees.

**WHEREFORE**, Plaintiff Nathaniel Robinson demands judgment against Defendant City of Gary in the amount awarded to Plaintiffs as damages, attorney's fees, costs and interest, and/or for any settlement entered into between Plaintiffs and Defendants, and for whatever additional relief this Court deems equitable and just.

Respectfully submitted,
/s/ Tracy A. Coleman
Tracy A. Coleman, 19733-45

Attorney for Nathaniel Robinson
COLEMAN LAW GROUP LLC
P.O. BOX 641262
Gary, IN 46401
219-689-8589
attycolemanfederalcases@yahoo.com