UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NATHANIEL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-131 ) |
| TERRY PECK, GA 1490, in his individual capacity, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Stay Proceedings [DE 21] filed by the defendant, Terry Peck, on February 6, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

On May 12, 2022, the plaintiff, Nathaniel Robinson filed a Complaint [DE 1] alleging various constitutional and state law claims against the defendant, Terry Peck (Peck), a Gary Police Officer, and other police officers with the Gary Police Department. The plaintiff contends, *inter alia*, that Peck violated his constitutional rights by using excessive force against him during an encounter on or about June 7, 2020.

On October 21, 2021, prior to this filing of this complaint, Peck was indicted by the United States of America in the criminal case of ***United States of America vs. Terry Peck***, Cause No. 2:21- CR-149. Similar to the civil allegations in the present case, Peck's criminal charges stem from an incident involving accusations of excessive use of force. Peck's criminal proceeding is currently scheduled for a jury trial on July 17, 2023.

Peck has filed the instant motion requesting that the court stay this matter until his criminal proceedings are fully adjudicated. Peck argues that whether he violated another's constitutional

rights are foreseeable issues in both the pending criminal action against him as well as the instant civil matter. Further, Peck argues that allowing the instant civil case to proceed while his criminal case is pending will place him in the precarious position between asserting his Fifth Amendment privilege, and thus potentially prejudicing his defense of the present case, or testifying, and thus potentially prejudicing his defense in the pending criminal proceeding.

The plaintiff filed a response in opposition on February 13, 2023. In response, the plaintiff contends that Peck lacks a sufficient basis on which to stay the proceedings in the present case. Specifically, the plaintiff argues that a stay is not warranted because the criminal case involves a different set of operative facts and a different victim. The plaintiff argues that putting Peck in a position where he feels compelled to assert the privilege against self-incrimination does not unfairly prejudice him and does not necessarily warrant a stay in the present civil case. Further, the plaintiff claims that the interests in proceeding expeditiously outweigh any prejudice caused to Peck.

*Discussion*

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. **Landis v. N. Am. Co.**, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); **Tonn & Blank Constr., LLC v. Sebelius**, 968 F. Supp. 2d 990, 992 (N.D. Ind. 2013). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. **Brooks v. Merck & Co.**, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006); **Rutherford v. Merck & Co.**, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006); **Walker v. Monsanto Co. Pension Plan**, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006).

At the onset, absent a stay of proceedings in this case, Peck surely will have to decide whether to claim the privilege against self-incrimination or respond to written discovery requests

2

and questioning at a deposition. If Peck does in fact decide to invoke the privilege, he runs the risk that doing so will be used as the basis for an adverse inference against him in this case, a practice the Fifth Amendment does not prohibit. *See e.g.*, **Harris v. City of Chicago**, 266 F.3d 750, 753 (7th Cir. 2001); *see also* **Baxter v. Palmigiano**, 425 U.S. 308, 318 (1976).

Nevertheless, the fact that Peck is faced with this sort of choice does not automatically entitle him to a stay of the civil case.

> [A] stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice. The very fact of a parallel criminal proceeding ... d[oes] not alone undercut [a defendant or claimant's] privilege against self-incrimination, even though the pendency of the criminal action force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit.

**United States v. Certain Real Property, commonly known as 6250 Ledge Road, Egg Harbor, Wis.**, 943 F.2d 721, 729 (7th Cir.1991) (quoting **United States v. Little Al**, 712 F.2d 133, 136 (5th Cir.1983)).

When deciding whether to issue a stay in a civil proceeding pending a similar criminal proceeding, courts assess a set of factors. *See* **Benevolence Int'l Found., Inc. v. Ashcroft**, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002); **Hollinger Intern., Inc. v. Hollinger Inc.,** 2008 WL 161683, at *2 (N.D. Ill. 2008); **Jones v. City of Indianapolis**, 216 F.R.D. 440, 450 (S.D. Ind. 2003). The factors include: (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant. **Cruz v. County of DuPage**, 1997 WL 370194, at *2 (N.D. Ill. 1997).

The first factor for the court's consideration is the extent to which the issues in the criminal and civil matters overlap. The plaintiff's § 1983 claims, along with the numerous other

3

constitutional and state law claims against Peck, are remarkably similar to the criminal charges brought forth against him. Although the criminal charges relate to an incident in 2019, a year prior to the facts giving rise to the case at bar, and involve a different victim, both causes concern Peck's alleged use of excessive force during a traffic stop. Because the relationship is a close one, the potential exists that the plaintiff might seek to use the similar events as evidence to support his claims against Peck. Thus, both actions relate to the same subject matter which weighs in favor of granting the stay.

Under the second factor, the court considers whether the government has brought both actions. When the government is a party to both sides, there is concern over the parties taking advantage of the broad scope of discovery in civil proceedings to assist them in the criminal proceedings. *See* ***United States ex rel. Shank v. Lewis Enterprises, Inc.,*** 2006 WL 1064072, *4 (S.D. Ill. 2006). This concern is heightened after criminal charges have been filed because the threat of the charges no longer is hypothetical. That is not an issue in this case as the government is not a party to the civil litigation, weighing against a stay.

The third factor considers the posture of the criminal proceedings. Peck's criminal proceedings are ongoing. The proceeding is presently scheduled for trial on July 17, 2023. The plaintiff argues that the criminal trial has been continued five times and there is no guarantee the trial will commence on the scheduled date. Nevertheless, the court will not speculate whether or not the case will proceed to trial in July 2023. Because there is a trial date set within the next few months, the current posture of the criminal case leans toward a stay. *See* ***Ticor Title Ins. Co. v. Brezinski,*** 2009 WL 305810, *2 (N.D. Ind. 2009).

Under the fourth factor, the court considers the public interest. Although the public has an interest in the prompt disposition of civil litigation, it also has an interest in ensuring "that the

4

criminal process can proceed untainted by civil litigation." *Hare v. Custable,* 2008 WL 1995062, at *2 (N.D. Ill. 2008); *see, e.g., Jones v. City of Indianapolis,* 216 F.R.D. 440, 452 (S.D. Ind. 2003). Consequently, the court should stay proceedings that may interfere with a pending criminal case to ensure the criminal process proceeds untainted by civil litigation. *Horton v. Pobjecky,* 2013 WL 791332, at *1 (N.D. Ill. 2013). Here, it is true that the public's interest in the orderly criminal prosecution of Peck's for excessive use of force and abuse of public office is high. Thus, the prospect that Peck's criminal process can be blemished by the contemporaneous civil case weighs in favor of granting the stay.

Under the fifth factor, the court considers the interests of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay. Although the plaintiff has a significant interest in obtaining a resolution of his claims, the court finds that a stay would not be highly prejudicial to the plaintiff because Peck's criminal trial is scheduled for July 2023, which does not constitute a substantial delay. Therefore, the stay in the instant proceedings would likely be minimal.

Finally, the last factor for the court's consideration is the burden that any aspect of the proceedings may impose on the defendant. The court finds that Peck will be substantially prejudiced by the failure to issue a stay in this matter. Peck asserts, and the court agrees, that he cannot possibly defend himself in the criminal proceeding and simultaneously participate fully in discovery in the instant case because of the dilemma pertaining to his Fifth Amendment right against self-incrimination. If the civil case is allowed to proceed and discovery continues, it is likely that Peck's defense attorney will advise him not to answer any questions, which may be used against him in the civil case. "A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a

5

significant risk of unfair prejudice that may be virtually impossible to remedy." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008).

## *Conclusion*

In weighing the various factors, the court finds that a stay is appropriate until the criminal proceeding against Peck concludes. Based on the foregoing reasons, the Motion to Stay Proceedings [DE 21] is **GRANTED.** This case is **STAYED** pending the resolution of Terry Peck's criminal proceedings. The parties should advise the court as soon as the criminal proceedings are completed.

ENTERED this 22nd day of March, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge